Official Form 417A (12/23)

In re: Azharuddin N. Pathan and Tehsinbanu A. Pathan, Debtors - Case No. 24-23022-rmb
Waseem Ahmed, Plaintiff v. Azharuddin N. Pathan, Defendant - Adv. No. 24-02116-rmb

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

FILED
2026 SEP 24 PM 3: 07
US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   Waseem Ahmed

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

- ☒ Plaintiff
- ☐ Defendant
- ☐ Other (describe) ____________

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) ____________

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   Sept. 10, 2026 Order denying Plaintiff's Motion to Amend Judgment (Dkt. 63), including the July 16 fee order/final judgment.

2. State the date on which the judgment—or the appealable order or decree—was entered:
   September 10, 2026

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Azharuddin N. Pathan Attorney: Timothy J. Helbing
   Helbing Law Office, LLC
   477 S. Nicolet Rd., Suite 8
   Appleton, WI 54914

2. Party: ____________ Attorney: ____________

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 9/24/2026

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):
Waseem Ahmed
6944 county Road F
Vesper WI 54489
Telephone: 715-315-0007

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

So Ordered.

Dated: September 10, 2026

Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re: Case No. 24-23022-rmb

Azharuddin N. Pathan and
Tehsinbanu A. Pathan,

Chapter 7

Debtors.

---

Waseem Ahmed,

Plaintiff,

Adversary No. 24-02116-rmb

v.

Azharuddin N. Pathan,

Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT**

---

Following trial, the Court determined that plaintiff Waseem Ahmed is entitled to a declaration of nondischargeability for a $47,112.57 debt arising from two promissory notes debtor-defendant Azharuddin Pathan gave to Ahmed. (Dkt. No. 48.) During closing arguments at trial, counsel for Ahmed requested that the Court award attorney's fees and prejudgment interest, and the Court allowed the

parties to submit supplemental briefing on those issues. Ahmed filed a brief, in which he also requested reimbursement of taxable costs. Pathan did not file a brief, but his counsel filed an untimely letter indicating that he opposed the requests.

On July 16, 2026, the Court denied Ahmed's request for attorney's fees and granted his requests for costs and prejudgment interest. (Dkt. No. 56.) The Court directed the Clerk of Court to enter judgment accordingly in the total amount of $75,889.20. (Dkt. No. 57.)

On July 28, 2026, Ahmed filed a motion to amend the judgment to include his requested attorney's fees under Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure 60, and Bankruptcy Rule 9023, which incorporates Federal Rule of Civil Procedure 59. (Dkt. No. 62.) For the first time in this motion, Ahmed argues that he is entitled to attorney's fees based on a provision in the promissory notes given to him by Pathan (hereafter referred to as "Section 9"). Ahmed "acknowledges that Section 9 [of the parties' contracts] was not specifically cited in his prior fee brief," (Dkt. No. 62 at 4), yet he asks the Court, after judgment was already entered, to now apply that section and award attorney's fees. Ahmed states that it was "an oversight" to not raise the issue in his earlier brief. (*Id.*) He notes that Section 9 was already part of the trial record as Trial Exhibits 7 and 8. (Dkt. No. 62 at 4.)

Ahmed argues that Civil Rule 60 provides a basis for the Court to reconsider the amount of the judgment due to his "oversight," and alternatively that Civil Rule

59(e) provides a basis for the Court to amend the judgment. Neither argument has merit.

Ahmed first seeks reconsideration of the judgment under Bankruptcy Rule 9024, which incorporates Civil Rule 60. He argues that the Court should grant relief under either Rule 60(a) or Rule 60(b)(1) or (6).

Rule 60(a) enables a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Ahmed's assertion that Rule 60(a) allows the Court to correct his "oversight" in failing to raise an argument regarding attorney's fees is unsupported by either the rule or the case law. As the text reflects, Rule 60(a) is for trivial errors and "allows a district judge to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." *Shuffle Tech Int'l, LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 710 (7th Cir. 2014) (internal quotation marks omitted). The Seventh Circuit has explained that "[i]f the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *United States v. Griffin*, 782 F.2d 1393, 1396-97 (7th Cir. 1986).

In contrast, Rule 60(b) can be used to address substantive issues. *See Shuffle Tech*, 757 F.3d at 710 ("When the ground for changing the judgment is not a trivial error but fraud, newly discovered evidence, excusable neglect, or some like ground

that is likely to raise issues that may benefit from an adversary presentation, Rule 60(b) comes into play . . . ."). But Ahmed's motion under Rule 60(b) fares no better.

"Relief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances." *Word Seed Church v. Vill. of Homewood*, 43 F.4th 688, 690 (7th Cir. 2022). Rule 60(b) enables the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including, as relevant here, "(1) mistake, inadvertence, surprise, or excusable neglect" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The rule "includes all kinds of mistakes," including legal errors made by the parties and the court. *In re Terrell*, 39 F.4th 888, 892 (2022). But "a motion to reconsider is not the proper vehicle to raise new arguments that could and should have been raised prior to judgment." *Word Seed Church*, 43 F.4th at 691; *see also Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995) (affirming denial of Rule 60(b) motion asserting for the first time that defendant could not be personally liable for deficiency judgment and noting that "failing to raise all available theories" due to "carelessness or a lack of due care on the part of a litigant or his attorney does not provide a basis for relief under Rule 60(b)(6)") (cleaned up).

Ahmed's "mistake"—failing to raise an available basis for his request for attorney's fees—is not the sort of legal mistake that can or should be remedied through a Rule 60(b) motion. Ahmed does not say that he had any sort of mistaken impression regarding the applicability of Section 9 or the availability of attorney's

fees under that provision. Rather, he agrees that his failure to include the legal argument in his brief was "an oversight." (Dkt. No. 62 at 4.)

Rule 60(b) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 309 (2025). That balance is not served by allowing parties to bring successive or serial challenges to a judgment based on arguments that could have been made before final judgment. The Court will not reconsider the judgment based on a new legal theory that was available to Ahmed before judgment.

Bankruptcy Rule 9023 incorporates Civil Rule 59(e), which allows parties to file a motion to alter or amend a judgment. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). "[A] motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (internal citations omitted); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) ("The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the

district court prior to the judgment."); *Kondik v. Ebner (In re Standard Foundry Prods., Inc.)*, 208 B.R. 164, 166 (Bankr. N.D. Ill. 1997) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory.").

Ahmed argues for the first time that Section 9 allows him to recover attorney's fees. This is not an appropriate use of a Rule 59(e) motion. It is true that the contracts, including Section 9, were in the record, but the Court did not misapply the law or misconstrue an argument Ahmed made. Ahmed just did not make the argument he now raises.

Ahmed's motion seems to be premised on a theory that the Court ought to have scoured the record to find a way to award him attorney's fees after he asked for them, found Section 9 in the record, and applied Section 9 to award fees without any argument from Ahmed or notice to Pathan. It would have been inappropriate for the Court to undertake such an effort before judgment. *See Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) ("Federal courts adhere to the principle of party presentation."). Ahmed's new argument is not a basis to reconsider or amend the judgment.

For these reasons, IT IS HEREBY ORDERED that Ahmed's motion to amend the judgment is DENIED.

#####

So Ordered.

Dated: July 16, 2026

Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re: Case No. 24-23022-rmb

Azharuddin N. Pathan and
Tehsinbanu A. Pathan, Chapter 7

Debtors.

---

Waseem Ahmed,

Plaintiff, Adversary No. 24-02116-rmb

v.

Azharuddin N. Pathan,

Defendant.

---

**ORDER ON PLAINTIFF'S REQUEST FOR AWARD OF ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST**

---

Following trial, the Court determined that plaintiff Waseem Ahmed is entitled to a declaration of nondischargeability for a $47,112.57 debt arising from two promissory notes debtor-defendant Azharuddin Pathan gave to Ahmed. (Dkt. No. 48.) During closing arguments at trial, counsel for Ahmed requested that the

Court award attorney's fees and prejudgment interest, and the Court allowed the parties to submit supplemental briefing on those issues.

Ahmed filed a brief, which also included a request for reimbursement of taxable costs. Pathan did not file a response, but his counsel filed an untimely letter indicating that he opposed the requests. For the reasons below, the Court denies Ahmed's request for attorney's fees and grants his requests for costs and prejudgment interest.

**Attorney's Fees**

"Generally, under the 'American Rule' applied in federal litigation, a prevailing litigant may not collect a reasonable attorney's fee from his opponent unless authorized by federal statute or an enforceable contract between the parties." *See In re Sheridan*, 105 F.3d 1164, 1166 (7th Cir. 1997). Ahmed rightly acknowledges this general principle, but he says he is entitled to an award of attorney's fees under § 523(a)(2)(A).

In *Cohen v. De La Cruz*, 523 U.S. 213 (1998), the Supreme Court held that "§ 523(a)(2)(A) bars the discharge of all liability arising from fraud." *Id.* at 222. Thus, a debt excepted from discharge under § 523(a)(2)(A) can include attorney's fees and costs if they are supported by the nonbankruptcy law underlying the debt. In *Cohen*, the underlying debt was based on the New Jersey Consumer Fraud Act, which allowed a successful plaintiff to seek an award of treble damages and attorney's fees and costs. *Id.* at 215. "*Cohen* did not create a common law basis for awarding attorney fees or otherwise overrule or alter how the American Rule is applied by federal courts." *In re Haskell*, 475 B.R. 911, 923 (Bankr. C.D. Ill. 2012).

Rather, as courts within the Seventh Circuit recognize, there must be a basis in the applicable nonbankruptcy law to include attorney's fees as part of the nondischargeable debt under § 523.

Ahmed appears to recognize that he cannot rely on *Cohen* alone to recover his fees, and that he must point to a statutory or contractual provision allowing the recovery of fees. He says his request is supported by *Krizan v. Krizan* (*In re Krizan*), No. 20-10231-7, 2022 WL 696959 (Bankr. W.D. Wis. Mar. 8, 2022). In that case, it appears that the underlying debt declared to be nondischargeable was based on Wis. Stat. § 895.446, a state statute that allows a successful plaintiff to recover the costs of investigation and litigation, including attorney's fees, in connection with a claim for statutory fraud. Wis. Stat. § 895.446(3)(b); *see Krizan*, 2022 WL 696959 at *3. Moreover, the defendants in *Krizan* did not dispute that the plaintiff was entitled to recover attorney's fees. *Id.*

Ahmed argues that his claim against Pathan "is exactly the same claim brought by the plaintiff in *Krizan*: 11 U.S.C. [§] 523(a)(2)(A)" and that attorney's fees should therefore be included in the award because they were allowed in *Krizan*. But a claim under § 523(a)(2)(A) does not automatically entitle a plaintiff creditor to attorney's fees. *See Sheridan*, 105 F.3d at 1166. Nor can a plaintiff go searching for a statute that might allow recovery of attorney's fees once the bankruptcy court has determined that the underlying debt is nondischargeable. Rather, the underlying cause of action against the debtor proven at trial must include the right to recover attorney's fees.

Unlike *Krizan*, Ahmed's underlying claim against Pathan was not based on Wis. Stat. § 895.446. Ahmed's complaint alleges that the underlying debt is based on Pathan's breach of the promissory notes. Dkt. No. 1 at 6 (requesting that the Court declared "the two contracts to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A)"). During closing arguments at trial, Ahmed's counsel argued that Pathan was also liable for "common law fraud."[1] Under Wisconsin law, common law fraud or misrepresentation is a different claim from statutory fraud under Wis. Stat. §§ 895.446(1) and 943.20(1)(d). *Compare, e.g.*, WIS JI-CIVIL 2401 (jury instructions for intentional misrepresentation) *and* WIS JI-CIVIL 2419 (jury instructions for civil action under § 895.446 based on theft under § 943.20(1)(d)).

Ahmed never put Pathan on notice that he would claim the remedies available under Wis. Stat. § 895.446(3). He did not mention the statute in his complaint, and he did not mention it at trial. Ahmed cannot now, well after trial, argue that the debt owed to him is based on Wis. Stat. § 895.446.

Ahmed also argues that "it would be equitable to award attorneys fees" and that the Court has the power to do so under 11 U.S.C. § 105(a), which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." (Dkt. No. 52 at 4.) Ahmed cites no authority for his argument that the statute allows a bankruptcy court to award

[1] In its Post-Trial Decision, the Court declined to address Ahmed's argument that Pathan is liable for common law fraud because the underlying debt for breach of contract was clear. (*See* Dkt. No. 48 at 16.) Even if the Court had reached the question whether Pathan owed a debt for common law fraud, success on a claim for common law fraud would not entitle Ahmed to recover attorney's fees.

attorney's fees in a nondischargeability action, and the Court has found none. Indeed, the case law suggests that not every plaintiff with a nondischargeability claim under § 523(a)(2)(A) can be awarded fees. *E.g. Haskell*, 475 B.R. at 923 (concluding that debtor committed fraud but that "[t]here is no statutory or contractual basis to award [the creditor] fees incurred in litigating this dischargeability claim").

Ahmed identified no other contractual or statutory provision that would allow him to recover attorney's fees. Accordingly, the Court concludes that Ahmed is not entitled to an award of attorney's fees.

**Costs**

Ahmed also seeks costs in the amount of $2,349.83. (Dkt. No. 52 at 6.) Bankruptcy Rule 7054 provides that "[t]he court may allow costs to the prevailing party, unless a federal statute or these rules provide otherwise." Fed. R. Bankr. P. 7054(b)(1). "Allowable costs in most cases are limited to the categories in 28 U.S.C. § 1920." *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996). "Expenses that are not on the statutory list must be borne by the party incurring them." *Id.* (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987)).

Section 1920 provides that a judge or clerk of court may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Ahmed requests reimbursement of $790 paid to "Dane County Civil Process" for "Service fee of subpoenas" and reimbursement of $140 paid to "Dane County Process" for "Process Server Fees." (Dkt. No. 52-1 at 11.) In *Collins*, the Seventh Circuit held that a court may tax costs for private process servers under § 1920(1) "in amounts that do not exceed what the Marshal Service would have charged for [the same] tasks." 96 F.3d at 1060.

The Marshal Service charges $65 per hour (or portion thereof) for service of process. 28 C.F.R. § 0.114(a)(3). Based on the information submitted by Ahmed, the Court cannot determine whether the costs requested by Ahmed exceed what the Marshal Service would have charged. Ahmed does not even say how many subpoenas were served. Therefore, the Court will allow reimbursement of $65 for each of the two entries on Ahmed's cost ledger, which is the minimum fee charged by the Marshal Service. *See Manson v. City of Chicago*, 825 F. Supp. 2d 952, 956 (N.D. Ill. 2011) (awarding the "per incident minimum" without time records because "the Court will not award potentially unjustified costs based on speculation").

The Court also declines to order reimbursement of the $28.00 fee that Ahmed paid to file a motion to redact. While that fee was paid to the clerk and would qualify as a taxable cost under § 1920(1), the fee was charged only because Ahmed failed to follow the requirements of Bankruptcy Rule 9037, which requires redaction

of certain information, when he filed his trial exhibits. Pathan should not have to pay for costs incurred as a result of Ahmed's errors.

The remaining costs incurred by Ahmed fall within the taxable categories in § 1920, and the Court concludes that those costs, in the amount of $1,391.83, should be allowed. With the taxable process service fees, the Court will award taxable costs in the total amount of $1,521.83.

**Prejudgment Interest**

Finally, Ahmed requests prejudgment interest at the rate provided for in the promissory notes of 18 percent from the date of the notes (January 25, 2023) to the date of the Court's Post-Trial Decision (March 27, 2026).

Under Wisconsin law, prejudgment interest in a breach of contract action may be awarded "if the amount of damages is ascertainable or determinable prior to judicial determination, i.e., where there is a reasonably certain standard of measurement when correctly applied one can ascertain the amount owed." *Klug & Smith Co. v. Sommer*, 83 Wis. 2d 378, 384-85, 265 N.W.2d 269, 272 (1978). In addition, when the parties explicitly agree in their contract that damages will include prejudgment interest, the parties will be held to that agreement. *Klug*, 83 Wis. 2d at 382 (citations omitted). Wisconsin law permits parties to contract for a higher interest rate on unpaid amounts than the legal rate. *Wisconsin Mall Props., LLC v. City of Green Bay*, 2009 WI App 56, ¶ 40, 317 Wis. 2d 731, 768 N.W.2d 63 (unpublished) (citing *Murray v. Holliday Rambler, Inc.*, 83 Wis.2d 406, 438-39, 265 N.W.2d 513 (1978)). Where parties have contracted for a specific interest rate to


Case 1:26-cv-01754 Filed 09/24/26 Page 15 of 16 Document 1

accrue on unpaid amounts, courts should apply the contract rate. *See Wisconsin Mall Props.*, 2009 WI App 56, at ¶ 41.

As addressed above, the Supreme Court's decision in *Cohen* allows ancillary amounts such as interest to be included as part of the nondischargeable debt if such amounts are supported by state law. *See Cohen*, 523 U.S. at 222 ("§ 523(a)(2)(A) bars the discharge of all liability arising from fraud").

Here, the promissory notes provide that 18 percent interest will accrue on the notes' unpaid balance. (Plaintiff's Exhibits 7 and 8, Dkt. Nos. 33-6, 33-7.) Ahmed asserts that the prejudgment interest is $27,254.80. Pathan does not present any argument that the sum is inaccurate, or that Ahmed is not entitled to collect interest under the notes. Accordingly, prejudgment interest in the amount of $27,254.80 will be added to the judgment in Ahmed's favor.

* * *

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Ahmed's request for attorney's fees, costs, and prejudgment interest is GRANTED IN PART and DENIED IN PART.

2. The Court will include the following amounts in its separate order for judgment:

   a. Costs in the amount of $1,521.83; and

   b. Prejudgment interest in the amount of $27,254.80.

#####