**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**WASEEM AHMED,**

**Appellant,**

**v.** **Case No. 26-CV-1754**

**AZHARUDDIN PATHAN,**

**Appellee.**

---

# ORDER

---

Before the court are Appellant Waseem Ahmed's motion for reconsideration of his request to proceed in forma pauperis (ECF No. 7) and his motion for extensions of time to file the statement of the issues, designation of record, and transcript documentation under Federal Rule of Bankruptcy Procedure 8009 (ECF No. 9). The court denied Ahmed's previous request to proceed in forma pauperis, finding that Ahmed has sufficient assets to pay the filing fee due to an enforceable, nondischargeable judgment against Appellee Azharuddin Pathan. (ECF No. 6.) Ahmed seeks reconsideration of this denial. Furthermore, Ahmed filed the documentation required by Rule 8009 one week after it was due; he seeks an extension of time to file his documents pursuant to this Rule and requests that the court accept his late filings (ECF Nos. 10 & 11).

### 1. Motion for Reconsideration

A nonfinal order "may be revised at any time" prior to entry of final judgment. Fed. R. Civ. P. 54(b), *as incorporated by* Fed. R. Bankr. P. 7054(a). Ahmed asks the court to revise its denial of his request to proceed in forma pauperis, asserting that he has yet to receive payment on his $75,889.20 judgment against Pathan. (ECF No. 7 at 1–2.) In denying Ahmed's earlier requests to proceed in forma pauperis, both the bankruptcy court and this court noted uncertainty as to whether Ahmed has collected on his judgment. Because Ahmed now makes clear that he has not collected, the judgment will not provide him with the necessary resources to pay the filing fee, and it is clear based on his application that he is otherwise indigent. Moreover, the court concludes that Ahmed's appeal is not subject to dismissal under 28 U.S.C. § 1915(e)(2). Accordingly, Ahmed's request to proceed in forma pauperis with his bankruptcy appeal will be **granted**.

### 2. Extensions of Time

In a bankruptcy appeal, the appellant must file, within 14 days of notice of appeal, a designation of the record, a statement of the issues to be presented, and either a transcript or documentation indicating that no transcript will be filed. Fed. R. Bankr. P. 8009(a)(1), 8009(b)(1). When a rule or court order requires an act to be performed within a specified period, the court can extend that deadline "for cause" if the request is made before the period expires or if the failure to request during that period resulted from excusable neglect. Fed. R. Bankr. P. 9006(b)(1). Ahmed seeks

extensions of time both to file required documentation under Rule 8009 (ECF No. 9 at 1) and to pay his filing fee (ECF No. 7 at 2).

Ahmed filed his notice of appeal on September 24, 2026, and therefore his Rule 8009 documents were due by October 8, 2026. (ECF No. 9 at 1.) Ahmed did not file his motion to extend time until October 15, 2026. Therefore, in order to grant Ahmed's request, the court must find that his failure to timely file his documents resulted from excusable neglect. *See* Fed. R. Bankr. P. 9006(b)(1)(B). Whether a party's neglect is "excusable" is an equitable determination that takes account of all relevant circumstances surrounding the party's omission. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Among the circumstances considered are "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Although ignorance or misinterpretation of the Rules does not generally constitute excusable neglect, excusable neglect is an "elastic concept" and is not limited to omissions caused by circumstances beyond the movant's control. *Id.* at 392.

A lack of prejudice to the debtor or disruption of efficient judicial administration, when combined with the good faith of the movant, weighs "strongly in favor" of permitting a late filing. *See id.* at 398. Ahmed filed the required documents along with his motion, meaning that his late filing only delayed proceedings by a week. Thus, judicial efficiency was only minimally disrupted by Ahmed's neglect, and there is no indication that Pathan will be prejudiced by the

short delay. Furthermore, there is no indication that Ahmed failed to act in good faith. Therefore, the court finds excusable neglect and **grants** Ahmed's motion to extend filing deadlines under Fed. R. Bankr. P. 8009. The court accepts Ahmed's statement of issues and designation of record on appeal (ECF No. 10) as well as his certification that no transcript was ordered (ECF No. 11), despite these documents being filed late.

**IT IS THEREFORE ORDERED** that Ahmed's motion for reconsideration (ECF No. 7) is **granted**, and his bankruptcy appeal may proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Ahmed's motion to extend filing deadlines under Fed. R. Bankr. P. 8009 (ECF No. 9) is **granted**. The court will accept Ahmed's filings (ECF Nos. 10 & 11) despite their being filed past the original deadline. Pursuant to Fed. R. Bankr. P. 8009(a)(2), Pathan shall have 14 days from the entry of this order to file a designation of the record and statement of the issues, if applicable.

Dated at Green Bay, Wisconsin this 22nd day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge